FILED

OCT 0 6 2009

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JUSTIN L. FLOYD,                                 Civil No. 07-1665-PK

        Petitioner,                        FINDINGS AND RECOMMENDATION

    v.

GUY HALL,

        Respondent.


    MICHAEL R. LEVINE
    1001 S.W. Fifth Avenue, Suite 1414
    Portland, OR  97204

        Attorney for Petitioner

    JOHN KROGER
    Attorney General
    JACQUELINE SADKER
    Assistant Attorney General
    Oregon Department of Justice
    1162 Court Street, NE
    Salem, OR  97301

        Attorneys for Respondent


1 - FINDINGS AND RECOMMENDATION -

PAPAK, Magistrate Judge.

Petitioner, Justin L. Floyd, brings this habeas corpus action pursuant to 28 U.S.C. § 2254 and challenges his convictions and sentencing on pleading guilty to three counts of Kidnapping in the First Degree, three counts of Robbery in the First Degree, three counts of Robbery in the Second Degree, Unauthorized Use of Motor Vehicle, Theft in the Third Degree, and Conspiracy to Commit Robbery in the First Degree. For the reasons set forth below, the Amended Petition for Writ of Habeas Corpus (#5) should be denied, and judgment should be entered dismissing this action with prejudice.

## BACKGROUND

On January 29, 2004, Floyd pleaded guilty to twelve counts of a sixteen count indictment. At the plea hearing his attorney indicated there were no plea negotiations, and that her client was only named in Counts 1 through 12 of the indictment. (Restp.'s Ex. 103 at 5.) After Petitioner entered pleas of guilty, the court asked Petitioner if he understood that Counts 1, 2, 3, 5, 6, 8, and 9 were Class A felonies, with a maximum statutory penalty of twenty years in prison on each count. Petitioner responded "yes." (*Id.* at 7.) The court specified that Counts 4, 7, and 10 were Class B felonies, with a maximum statutory penalty of ten years in prison, and asked Petitioner if he understood that. Petitioner responded "yes." (*Id.* at 7-8.) The court then specified that Counts 11 and

2 - FINDINGS AND RECOMMENDATION -

12 were Class C felonies, with a maximum statutory penalty of five years in prison on each, and asked Petitioner if he understood that. Petitioner again responded "yes." (*Id.* at 8.) The court proceeded to accept Petitioner's plea to each count, one by one. (*Id.* at 8-15.)

Floyd was sentenced on February 18, 2004. At the hearing, the State urged the court to impose three consecutive 90-month sentences for a total of 270 months, given there were three Measure 11 convictions for Kidnapping with three separate victims. Trial counsel argued strongly for a 90-month sentence, presenting Floyd's youth and potential, lack of criminal history, and dysfunctional family as mitigating factors. (Respt.'s Ex. 104 at 9-19.) Floyd submitted a personal letter addressed to the court, which the court noted was remarkably well written. (*Id.* at 20.) Ultimately, the court imposed two consecutive 90-month sentences, with the remaining sentences concurrent, for a total sentence of 180 months.

Floyd did not directly appeal his convictions, but filed a Second Amended Petition for Post-Conviction Relief ("PCR"), asserting, 1) that his trial counsel was ineffective for failing to ensure his guilty pleas was knowing, voluntary, and intelligently made, and leading him to believe his plea would result in concurrent sentences with a total of 90 months imprisonment, and 2) that trial counsel failed to argue and preserve for appeal that consecutive sentencing was unconstitutional. (Respt.'s Ex. 106 at

3 - FINDINGS AND RECOMMENDATION -

2-3.)  The PCR court denied relief from the bench, finding, as to his first claim, that Floyd's plea had been intelligently and knowingly made and that Floyd had not sustained his burden of proof for relief.  (Respt.'s Ex. 110 at 16; Ex. 111.)  Floyd appealed, but the Oregon Court of Appeals affirmed without opinion, and the Oregon Supreme Court denied review.  *Floyd v. Hall*, 211 Or. App. 435, 155 P.3d 891 (2007), *review denied* 343 Or. 159, 164 P.3d 1160 (2007).

On December 10, 2007, Floyd filed an Amended Petition for Writ of Habeas Corpus in this Court (#5), raising six grounds for relief that can be summarized as followings:

    Ground One:     Ineffective assistance of trial counsel in that counsel failed to object to the imposition of consecutive sentences;

    Ground Two:     Ineffective assistance of trial counsel in that counsel failed to adequately investigate the case before advising a plea of guilty;

    Ground Three:    Floyd's guilty plea was not knowingly and intelligently entered and was induced by counsel's ineffective representation;

    Ground Four:    Ineffective assistance of appellate counsel in that counsel refused to file a brief on appeal and failed to raise meritorious issues;

    Ground Five:    Imposition of consecutive sentences violated due process;

    Ground Six:     Continued incarceration violates Floyd's rights under the Due Process Clause.

Floyd "submits [grounds] 1, 2, 4, 5, and 6 on the record and

4 - FINDINGS AND RECOMMENDATION -

directs his reply to [ground] 3," arguing the PCR trial court decision denying relief is based on an unreasonable determination of the facts and is contrary to, or an unreasonable application of established federal law. (#28, Reply at 1 & 5.) Respondent contends grounds One, Two, Four, Five, and Six were not presented to any state court and are procedurally defaulted, and Ground Three is without merit. (#19, Response at 3.)

## DISCUSSION

I.   Procedurally Defaulted Claims

Before a federal court may consider granting habeas corpus relief, a state prisoner must have exhausted all available state court remedies either on direct appeal or through collateral proceedings. *See* 28 U.S.C. § 2254 (b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999) (state courts must have an opportunity to act on claims before they are presented in a federal habeas petition). A state prisoner satisfies the exhaustion requirement by fairly presenting his claims to the appropriate state courts at all appellate stages afforded under state law. *Baldwin v.* Reese, 541 U.S. 27, 29 (2004); *Casey v. Moore*, 386 F.3d 896, 915-16 (9th Cir. 2004); *Castillo v. McFadden*, 370 F.3d 882, 886 (9th Cir. 2004). A claim is fairly presented when it apprises the state court of the facts and legal theory upon which the claim is premised. *Insyxiengmay v. Morgan*, 403 F.3d 657, 668 (9th Cir. 2005); *Weaver v. Thompson*, 197 F.3d 359, 364 (9th Cir. 1999). In

5 - FINDINGS AND RECOMMENDATION -

Oregon, the Oregon Supreme Court is the highest state court with jurisdiction to hear post-conviction claims in satisfaction of the exhaustion requirement. *See* Or. Rev. Stat. § 138.650 (2005).

A state prisoner procedurally defaults federal claims if he fails to raise them as federal claims in state court or fails to present the merits because he did not comply with applicable state procedural rules. *O'Sullivan*, 526 U.S. at 848; *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). The State can successfully assert a procedural default defense to federal habeas review unless the prisoner can show both "cause" for the procedural default and actual prejudice, or the prisoner demonstrates that failure to consider the claims will result in a fundamental miscarriage of justice. *Edwards v. Carpenter,* 529 U.S. 446, 451 (2000); *Coleman*, 501 U.S. at 750; *Insyxiengmay*, 403 F.3d at 665.

The Court has reviewed the record and confirmed that Floyd did not present Grounds One, Two, Four, Five, and Six to the state courts at all appellate stages. Because he cannot again seek state post-conviction relief, *see* Or. Rev. Stat. 138.550 (3) (2005), these claims are procedurally defaulted. Floyd has made no showing of cause and prejudice to excuse his procedural default, nor has he demonstrated that a fundamental miscarriage of justice will result if the Court does not consider his claims. For these reasons, habeas relief as to Grounds One, Two, Four, Five, and Six should be denied.

6 - FINDINGS AND RECOMMENDATION -

II.   The Merits (Ground Three)

A.   Standard of Review

A habeas petitioner is not entitled to relief in federal court unless he demonstrates that the state court's adjudication of his claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

The terms "contrary to" and "unreasonable application" have independent meanings. *Sarausad v. Porter*, 479 F.3d 671, 676 (9th Cir. 2007).  A state court decision is "contrary to" clearly established federal law if it is "in conflict with", "opposite to" or "diametrically different from" Supreme Court precedent. *Williams, v. Taylor*, 529 U.S. 362, 388 (2000).  An "unreasonable application" of clearly established Supreme Court law occurs when "the state court identifies the correct governing legal principle . . . but unreasonably applies that principle to the facts of the . . . case." *Lambert v. Blodgett*, 393 F.3d 943, 974 (9th Cir. 2004) *cert. denied*, 126 S. Ct. 484 (2005)(citing *Williams,* 529 U.S. at 413). "A federal court making an 'unreasonable application' inquiry should ask whether the state court's application of federal law was objectively unreasonable." *Saurasad*, 479 F.3d at 676-77

7 – FINDINGS AND RECOMMENDATION –

(citing *Williams*, 529 U.S. at 409).  Thus, federal courts apply a "highly deferential standard for evaluating state-court rulings." *Id.* at 676 (internal citations omitted).

"'Clearly established Federal law' is the governing legal principle or principles set forth by the Supreme Court at the time the state court renders its decision." *Lambert*, 393 F.3d at 974. The last reasoned decision by the state court is the basis for review by the federal court.  *See Ylst v. Nunnemaker*, 501 U.S. 797, 803-04 (1991); *Franklin v. Johnson*, 290 F.3d 1223, 1233 n. 3 (9th Cir. 2002).  The decision of the state PCR trial court is the basis for review in the instant proceeding.

Habeas relief may be granted under § 2254(d)(2) when the state court decision is based on an unreasonable determination of the facts because the fact-finding process is flawed.  Examples of a flawed process include:  making evidentiary findings without holding a hearing, misstating the record, ignoring the record, misapprehending the evidence presented.  *Taylor v. Maddox*, 366 F. 3d 992, 1001 (9th Cir. 2004).  In reviewing state court decisions, "[A] federal court may not second-guess a state court's fact-finding process unless, after review of the state-court record, it determines that the state court was not merely wrong, but actually unreasonable." *Id*. at 999.  This is a standard that will be met in few cases.  *Id*. at 1000.

/ / /

8 - FINDINGS AND RECOMMENDATION -

B.   Ineffective Assistance of Counsel

A federal claim of ineffective assistance of counsel requires that the petitioner prove his counsel's performance fell below an objective standard of reasonableness and that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Bell v. Cone*, 535 U.S. 685, 695 (2002); *Williams*, 529 U.S. at 390-91; *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984).   The Court evaluates counsel's performance based on the facts of the particular case, viewed as of the time of counsel's conduct. *Strickland*, 466 U.S. at 689.   A petitioner's failure to prove either the performance prong or the prejudice prong will cause the claim to fail. *Id.* at 697.

In the case of a guilty plea, Petitioner must show "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).   "A bare allegation that a petitioner would not have pleaded guilty if he had known all the consequences of the plea is not sufficient to establish prejudice under the . . . test." *Lambert v. Blodgett,* 393 F.3d 943, 958 (9th Cir. 2004)(quoting *Riley,* 122 Wash.2d at 782 (1993), 863 P.2d 554).   "Rather, the petitioner must present [ ] at least a prima facie case showing actual prejudice." *Id.*   In evaluating proffered proof of prejudice, a court "must consider the totality of the evidence"

before the jury.  *Strickland*, 466 U.S. at 696.  Applying this
principle in the context of a plea, the court must consider all of
the evidence before the court.

    C.  Analysis

    In Ground Three, Floyd contends he was "induced to plead
guilty on [trial counsel's] grossly wrong advice that the court
would sentence him to 90 months." (#28, Reply at 8.)  Floyd argues
the PCR court decision denying this claim was based on an
unreasonable determination of the facts, and is an unreasonable
application of *Strickland*, making habeas relief available.  This
Court finds Floyd's arguments to be without merit.

    Floyd contends the PCR court's determination that his plea was
entered knowingly and intelligently was based on an unreasonable
determination of the facts given his testimony, in both his PCR
deposition and at the PCR proceeding, that based upon what counsel
told him he "was under the impression that [he] would receive 90
months[,]" that the benefit of pleading guilty was that he could
get 90 months, that he pled guilty so he could get 90 months, and
that even with the risk of being sentenced to more than 180 months
he would have gone to trial.  (#28, Reply at 6-7.)  However,
Floyd's bare assertions that he would not have pled guilty but for
counsel's bad advice, even if it meant facing more than a 180 month
sentence, must be weighed against his response in the PCR
proceeding during the following exchange with Respondent:

Q:      Okay, so say [you faced] nine counts of Ballot
        Measure 11, and you are willing to undo a plea
        where only two counts were run consecutive to save
        hundreds and hundreds of months pursuant to Ballot
        Measure 11?  Is that what you're asking this Court
        to do?

A:      No, no, no.  I'm asking the Court to modify my
        sentence because the Court never made specific
        findings in support of consecutive sentences.

Q:      Well, Fr. Floyd, you do realize that it's the
        State's position that if you win on post-conviction
        relief, you go back on your indictment on all 12
        counts?  Do you realize that?

A:      No.

(Respt.'s Ex. 110 at 10-11.)  It is clear from this exchange that
Floyd was not interested in the prospect of facing possibly greater
time by going to trial.  This, combined with Floyd (1) indicating
at his plea hearing that no one made any promises or threats to get
him to change his plea to guilty and acknowledging he understood
the possible sentences on each count, (Respt.'s Ex. 103 at 5; at 7-
8), and (2) acknowledging in his PCR deposition that his attorney
told him Robbery in the First Degree and Kidnapping in the First
Degree carried mandatory minimum sentences of 90 months on each
count, and that he knew the final decision on sentencing rested
with the judge, (Respt.'s Ex. 109 at 6; at 11), leads to the
conclusion the PCR court's determination that Floyd entered his
plea knowingly and intelligently was not based on an unreasonable
determination of the facts.

        Moreover, under *Strickland* and *Hill*, failure to prove either

11 - FINDINGS AND RECOMMENDATION -

the performance prong or the prejudice prong causes a claim to fail.   Floyd's bare allegation that he would not have pleaded guilty if he had known he would be sentenced to more than 90 months, no matter how many times he repeated it, is not sufficient to establish prejudice, and, accordingly, it was neither contrary to nor an unreasonable application of *Strickland* for that court to deny Floyd's relief on his claim of ineffective assistance of counsel.

### CONCLUSION

For the reasons stated above, the Amended Petition for Writ of Habeas Corpus (#5) should be DENIED, and judgment should enter DISMISSING this case with prejudice.

### SCHEDULING ORDER

The Findings and Recommendation will be referred to a district judge.   Objections, if any, are due  October 20 , 2009.   If no objections are filed, then the Findings and Recommendation will go under advisement on that date.

If objections are filed, then a response is due within 10 days after being served with a copy of the objections.   When the response is due or filed, whichever date is earlier, the Findings and Recommendation will go under advisement.

### NOTICE

A party's failure to timely file objections to any of these findings will be considered a waiver of that party's right to *de*

*novo* consideration of the factual issues addressed herein and will constitute a waiver of the party's right to review of the findings of fact in any order or judgment entered by a district judge. These Findings and Recommendations are not immediately appealable to the Ninth Circuit Court of Appeals.    Any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of judgment.

DATED this 6th day of October, 2009

Paul Papak
United States Magistrate Judge

13 - FINDINGS AND RECOMMENDATION -